UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| BRENDIN SCHRADER, BRANDON ELEY, BRANDON HARTWICK, ZACHARY HERLACHE, TYLER PAPALE, GEOFFREY STARNES And ANTHONY WENNER, on behalf of themselves and those similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>ALL FLORIDA WEATHERPROOFING INCORPORATED, ALL FLORIDA WEATHERPROOFING & CONSTRUCTION INCORPORATED, RICHARD A. FULFORD, individually, and JOSHUA B. FULFORD, individually,<br><br>  Defendant. | Case No. 8:23-01371 |

## COLLECTIVE ACTION COMPLAINT UNDER FAIR LABOR STANDARDS ACT AND DEMAND FOR JURY TRIAL

Plaintiffs, BRENDIN SCHRADER, BRANDON ELEY, BRANDON HARTWICK, ZACHARY HERLACHE, TYLER PAPALE, GEOFFREY STARNES and ANTHONY WENNER (collectively "Plaintiffs"), on behalf of themselves and those similarly situated individuals, sue Defendants, ALL FLORIDA WEATHERPROOFING INCORPORATED ("AFW"), ALL FLORIDA WEATHERPROOFING & CONSTRUCTION INCORPORATED ("AFWC"), RICHARD A. FULFORD, individually, and JOSHUA B. FULFORD, individually (collectively "Defendants"), and state:

## NATURE OF ACTION

1. Plaintiffs bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*("FLSA").

2. Plaintiffs allege Defendants violated 29 U.S.C. § 207 of the FLSA by failing to pay Plaintiffs and other similarly situated current and former employees ("putative class members") of Defendants overtime wages.

## PARTIES

3. Plaintiff BRANDIN SCHRADER is a resident of Pasco County, Florida, in the Middle District of Florida. Plaintiff was employed by Defendants as a roofer/installer ("roofer") during all or part of the three year period immediately preceding the filing of this action.

4. Plaintiff BRANDON ELEY is a resident of Pinellas County, Florida, in the Middle District of Florida. Plaintiff Eley was employed by Defendants as a roofer during all or part of the three year period immediately preceding the filing of this action.

5. Plaintiff BRANDON HARTWICK is a resident of Pinellas County, Florida, in the Middle District of Florida. Plaintiff was employed by Defendants as a roofer during all or part of the three year period immediately preceding the filing of this action.

6. Plaintiff ZACHARY HERLACHE is a resident of Pinellas County, Florida, in the Middle District of Florida. Plaintiff was employed by Defendants as a

roofer during all or part of the three year period immediately preceding the filing of this action.

7. Plaintiff TYLER PAPALE is a resident of Pinellas County, Florida, in the Middle District of Florida. Plaintiff was employed by Defendants as a roofer during all or part of the three year period immediately preceding the filing of this action.

8. Plaintiff GEOFFREY STARNES is a resident of Pinellas County, Florida, in the Middle District of Florida. Plaintiff was employed by Defendants as a roofer during all or part of the three year period immediately preceding the filing of this action.

9. Plaintiff ANTHONY WENNER is a resident of Pinellas County, Florida, in the Middle District of Florida. Plaintiff was employed by Defendants as a roofer during all or part of the three year period immediately preceding the filing of this action.

10. Defendant AFW is a roofing systems contractor that does business throughout the state of Florida, with its principal place of business located at 2915 1/2 W. Bayshore Court, Tampa, FL 33611.

11. Defendant AFWC is a roofing systems contractor that does business throughout the state of Florida, with its principal place of business located at 4231 112th Terrace N., Clearwater, FL 33762.

12. Defendant Richard A. Fulford is President of Defendant AFWC and resides in Pinellas County, Florida.

13. Defendant Joshua B. Fulford is Vice President of Defendants AFW and AFWC and resides in Pinellas County, Florida.

## JURISDICTION AND VENUE

14. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the FLSA.

15. This Court has personal jurisdiction over all of the Defendants and the Middle District of Florida, Tampa Division is the proper venue because all of the Defendants reside in either Pinellas County or Hillsborough County, Florida.

## FLSA ENTERPRISE COVERAGE

16. At all times material to this action, Defendants AFW and AFWC were each an "employer" of Plaintiffs and each Plaintiff was an "employee" of Defendants AFW and AFWC within the meaning of the FLSA.

17. At all times material, Defendants AFW and AFWC were each individually and/or collectively an "enterprise engaged in commerce" within the meaning of the FLSA.

18. At all times material, Defendants AFW and AFWC each employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

19. At all times material, Defendants AFW and AFWC, individually or collectively, had gross sales volume of at least $500,000 annually.

20. At all times material hereto, Defendants Richard Fulford and Joshua Fulford were also each an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

21. Defendants Richard Fulford and Joshua Fulford managed, oversaw and operated Defendants AFW and/or AFWC.

22. Defendants Richard Fulford and Joshua Fulford exercised complete dominion and control over employee wages, hours, and working conditions at AFW and/or AFWC.

23. Defendants Richard Fulford and Joshua Fulford devised and implemented all employee pay policies of the company including those directly affecting Plaintiffs and the putative class members.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs and the putative class members are current and past "roofers" defined as follows:

> **All roofers who worked for AFW and/or AFWC at any time during the three (3) year period immediately preceding the filing of the Complaint who worked over forty (40) hours in any workweek and were not paid overtime wages.**

25. At any given time, Defendants AFW and AFWC employ approximately 30-40 roofers.

26. Plaintiffs and the putative class members performed the same or substantially the same job duties.

27. Plaintiffs and the putative class members were all paid on a piece-rate basis measured by the quantity of work performed.

28. Plaintiffs and the putative class members were all non-exempt employees within the meaning of the FLSA and were therefore entitled to the overtime pay protections thereunder.

29. Plaintiffs and the putative class members regularly worked in excess of forty (40) hours in a workweek, but were not paid FLSA mandated overtime compensation.

30. Plaintiffs and the putative class members are owed overtime wages for all unpaid overtime hours worked during the three year period immediately preceding the filing date of the instant action.

31. The common policy or practice resulting in the overtime violations uniformly applied to Plaintiffs and the putative class members.

## FACTS

32. As roofers/installers, the primary job duties of Plaintiffs and the putative class members included:

    a. Reporting to Defendants' shop early each morning to collect job supplies and tools, and receive daily assignments;

    b. Driving to the customers' homes;

    c. Completing roofing projects for the day; and

    d. Returning to Defendants' shop to take back work vehicles, clean up, and complete any other end-of-day duties required by Defendants.

33. Plaintiffs and the putative class members routinely worked well in excess of forty (40) hours per week.

34. Nonetheless, Plaintiffs and the putative class members were not paid time and one half their effective hourly rates for the overtime hours they worked.

35. Defendants' failure to pay Plaintiffs and the putative class members their earned overtime wages was partly attributed to Defendants' deliberate refusal to recognize the return travel time from the last job site to Defendants' shop at the end of the workday as compensable work time.

36. Defendants' failure to pay Plaintiffs and the putative class members their earned overtime wages was also attributed to Defendants' wrongful, unilateral reduction of the actual work hours recorded on the timesheets of the Plaintiffs and the putative class members.

37. On account of the willful failure of Defendants to pay Plaintiffs and the putative class members their earned overtime wages, Plaintiffs have retained undersigned counsel to represent them and bring the instant action. Plaintiffs will incur fees for said representation.

## STATEMENT OF CLAIMS

### COUNT I
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)- *AGAINST ALL DEFENDANTS*

38. All previous paragraphs are incorporated as though fully set forth herein.

39. Plaintiffs and those similarly situated worked more than forty (40) hours in one or more workweeks.

40. Plaintiffs and those similarly situated were required, permitted, or encouraged to work more than forty hours per week.

41. Defendants failed or refused to compensate Plaintiffs and the other roofers overtime wages calculated at 1.5 times their effective regular rates for all hours worked during the three year period immediately preceding the filing of the instant suit.

42. Defendants violated 29 U.S.C. § 207 of the FLSA by failing to pay overtime wages to Plaintiffs and similarly situated roofers.

43. Defendants knew their policy and practice for roofers' compensation violated the FLSA overtime provisions.

44. Defendants acted willfully or with reckless disregard of the FLSA because Defendant knew its practice violated the law and continued implementing the unlawful practice.

45. Pursuant to 29 U.S.C. § 216(b), Plaintiff and the putative class members seek unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiffs respectfully request the following relief on behalf of themselves and the putative class members:

    a. Pursuant to 29 U.S.C. § 216(b), an order of conditional certification authorizing notice to the perspective class and an opportunity to opt-in to the action.

    b. A declaration that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

c. An award of unpaid overtime wages to Plaintiffs and the putative class members and against all Defendants, jointly and severally;

d. An award of statutory liquidated damages in an amount equal to the unpaid overtime wages to Plaintiffs and the putative class members and against all Defendants, jointly and severally;

e. Attorney fees and costs taxed against Defendants, jointly and severally, pursuant to 29 U.S.C. § 216(b); and

f. Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated this 20th day of June 2023.          Respectfully submitted,

*s/ R. Michael Pierro, Jr.*
R. MICHAEL PIERRO, JR.
Florida Bar No. 0013023
BRIAN CALCIANO
Florida Bar No. 108879
*Counsel for Plaintiff*
**CALCIANO PIERRO, PLLC**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
mike@flemploymentlaw.com
brian@flemploymentlaw.com